**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**ARGONIDE CORPORATION,**

    **Plaintiff,**

**-vs-**                                                                            **Case No. 6:09-cv-852-Orl-28DAB**

**IN-TEC WATER PRODUCTS, LLC, and**
**JOHN E. NOHREN, JR.,**

    **Defendants.**
_____

## ORDER

Plaintiff, Argonide Corporation ("Argonide"), brings the instant action seeking declaratory relief with regard to a patent owned by Defendant John E. Nohren, Jr.("Nohren"). Nohren and his co-Defendant, In-Tec Water Products, LLC ("In-Tec")—a company of which Nohren is the CEO—have filed a motion to dismiss (Doc. 13), arguing under Federal Rule of Civil Procedure 12(b)(1) that this Court lacks subject matter jurisdiction and under Rule 12(b)(6) that Argonide fails to state a claim for which relief can be granted. Argonide has filed a Memorandum (Doc. 16) in response to the motion.

### I. Background

As alleged in the Complaint, Defendant Nohren is the inventor and sole owner of U.S. Patent No. 7,473,362 ("the '362 Patent"), which on its face is described as a "Water Treatment System." (Doc. 1 ¶ 5; Ex. A to Doc. 1). Argonide describes itself as "engaged in the business of developing . . . nanofiltration products that include nanosize powders and fibers, and filter media derived therefrom, which are designed to provide high-performance

filtration solutions, including filter media as cartridges that are sold under the name "NanoCeram®." (Id. ¶ 3).

On April 16, 2009, Nohren, on behalf of In-Tec, sent a letter to one of Argonide's customers, Applica Consumer Products Company ("Applica"), stating in part:

> The purpose of this letter is to bring to your attention that the "Clear 2 O" water filter bottle you are marketing is infringing upon our recently issued patent number 7,473,362. It covers the use of Nano Ceram type media in a number of applications including sport bottles containing such a filter.
>
> We were somewhat surprised to find this product in the market as it is, by appearance, almost identical to products which we prototyped and are in the process of producing. You are apparently purchasing your filter from Argonide. If so, Fred Tepper, their President, and his entire staff ha[ve] had intimate knowledge of both our activities[] and our patent position even while in the application stage. We have been actively involved with Argonide for more than a year. I was surprised to find an identical product in the market place. I would expect he informed you of our patent position which you apparently choose to ignore.

(Letter from In-Tec to Applica, Ex. C to Doc. 1). Nohren "request[ed] that [Applica] withdraw from the market immediately pending any resolution of [Applica's] infringing activities." (Id.).

Argonide filed this suit on May 19, 2009. (Doc. 1). Argonide seeks declarations: that the '362 Patent is invalid; that Applica is not infringing the '362 patent; and that Argonide is not contributorily infringing or inducing infringement of the '362 patent via Applica's Clear2O product. Argonide also brings a claim of unfair competition under Florida law.

## II. Discussion

Defendants assert that this Court lacks subject matter jurisdiction over this case because there is no "actual controversy" between them and Argonide. They assert that

Argonide has alleged only the possibility of economic harm rather than legal harm as required for the requisite controversy to exist.

The Declaratory Judgment Act provides in pertinent part that "[i]n a case of actual controversy within its jurisdiction . . ., any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a). "[T]he Act's 'actual controversy' requirement 'refers to the type of "Cases" and "Controversies" that are justiciable under Article III.'" Teva Pharms. USA, Inc. v. Novartis Pharms. Corp., 482 F.3d 1330, 1336 (Fed. Cir. 2007) (quoting MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007)).

"[T]he Declaratory Judgment Act was intended to fix the problem that arises when the other side does not sue." Sony Elecs., Inc. v. Guardian Media Techs., Ltd., 497 F.3d 1271, 1284 (Fed. Cir. 2007). "The purpose of the Declaratory Judgment Act . . . in patent cases is to provide the allegedly infringing party relief from uncertainty and delay regarding its legal rights." Goodyear Tire & Rubber Co. v. Releasomers, Inc., 824 F.2d 953, 956 (Fed. Cir. 1987); see also Teva Pharms., 482 F.3d at 1336 n.2; Arrowhead Indus. Water, Inc. v. Ecolochem, 846 F.2d 731, 735 (Fed. Cir. 1988) (noting that before enactment of the Declaratory Judgment Act, "patent owner[s] attempt[ed] extra-judicial patent enforcement with scare-the-customer-and-run tactics that infect[ed] the competitive environment of the business community with uncertainty and insecurity").

Prior to 2007, the Federal Circuit applied a two-part test in determining whether subject-matter jurisdiction existed in patent-related declaratory judgment actions. "Under

that test, the declaratory plaintiff [had to] establish both (1) a reasonable apprehension that it [would] face a patent infringement suit if it commence[d] or continue[d] the activity at issue, and (2) present activity by the declaratory plaintiff that could constitute infringement, or concrete steps taken by the plaintiff with the intent to conduct such activity." Microchip Tech. Inc. v. Chamberlain Group, Inc., 441 F.3d 936, 942 (Fed. Cir. 2006).  However, in January 2007, the U.S. Supreme Court issued its opinion in MedImmune, disapproving of the Federal Circuit's "reasonable apprehension of suit" test. See MedImmune, 549 U.S. at 132 n.11; see also Teva Pharms., 482 F.3d at 1339 (acknowledging Supreme Court's disapproval of the test).

The Supreme Court explained in MedImmune that in order for an "actual controversy" to be presented, "the dispute [must] be 'definite and concrete, touching the legal relations of parties having adverse legal interests'; and [must] be 'real and substantial' and 'admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts.'" 549 U.S. at 127 (quoting Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 240-41 (1937)) (last alteration in original). "'Basically, the question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.'" Id. (quoting Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)). After MedImmune, "proving a reasonable apprehension of suit is one of multiple ways that a declaratory judgment plaintiff can satisfy the more general all-the-circumstances test to establish that an action presents a justiciable Article III controversy." Prasco, LLC v. Medicis

Pharm. Corp., 537 F.3d 1329, 1336 (Fed. Cir. 2008).

Having reviewed the filings and the cases cited by the parties, the Court concludes that an "actual controversy" exists between Argonide and Defendants. Considering all of the circumstances as alleged in this case, it appears that Argonide and Defendants have adverse legal interests, that a definite and concrete dispute exists between them, and that an opinion on the merits would not be merely advisory in character. Accordingly, Defendants' motion to dismiss for lack of subject-matter jurisdiction shall be denied. The motion is also denied insofar is it is brought under Rule 12(b)(6). The allegations of the Complaint satisfy the notice pleading standards of Federal Rule of Civil Procedure 8.

### III.  Conclusion

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** that Defendants' Motion to Dismiss (Doc. 13) is **DENIED** in all respects.

**DONE** and **ORDERED** in Orlando, Florida this 3rd day of December, 2009.

JOHN ANTOON II
United States District Judge

Copies furnished to:
Counsel of Record
Unrepresented Party

Case 6:09-cv-00852-JA-DAB   Document 24   Filed 12/03/09   Page 6 of 6