UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ARGONIDE CORPORATION

          Plaintiff,

    vs.                   Case No. 6:09-cv-852-orl-28DAB

IN-TEC WATER PRODUCTS, LLC
AND JOHN E. NOHREN, JR.

          Defendants.

**MOTION TO COMPEL PRODUCTION OF DOCUMENTS, ANSWERS
TO INTERROGATORIES AND MORE SUFFICIENT ANSWERS TO
REQUEST FOR ADMISSIONS AND MEMORANDUM OF LAW IN
SUPPORT THEREOF**

Plaintiff, Argonide Corporation ("Argonide"), by and through its counsel, Cohen &

Grigsby, P.C. and local counsel Beusse Wolter Sanks Mora & Maire, P.A., respectfully submits

this Motion to Compel Production of Documents, Answers to Interrogatories and More

Sufficient Answers to Request for Admissions and Memorandum of Law in Support Thereof and

requests that, pursuant to Fed. R. Civ. P. 26 and 37, the Court compel Defendants to fully satisfy

their discovery obligations by adequately responding to Plaintiff's First Request to Produce, First

Set of Interrogatories and First Request for Admissions and to sanction Defendants in the

appropriate manner to minimize the substantial prejudice to Plaintiff.

**INTRODUCTION**

1.     Plaintiff commenced this action on May 19, 2009, by filing a Complaint for

Declaratory Judgment of invalidity and non-infringement of United States Patent No. 7,473,362

("the '362 patent") and unfair competition against Defendants In-Tec Water Products, LLC and John E. Nohren, Jr. [Dkt. No. 1].

    2.      On June 16, Defendants filed a Motion to Dismiss under Fed. R. Civ. P. 12(b)(1)-(6) for lack of subject-matter jurisdiction and as failing to state a claim upon which relief can be granted. [Dkt. No. 13].

    3.      On November 6, Plaintiff served its: (i) First Set of Requests for Production of Documents and Things to Defendants; (ii) First Set of Interrogatories to Defendants; and (iii) First Request for Admissions, copies of which are attached hereto as Exhibits "A," "B," and "C" respectively.

    4.      On December 3, 2009, the Court issued an Order denying Defendants' Motion to Dismiss. [Dkt. No. 24].

    5.      On December 23, 2009, Defendants filed a Motion for Extension of Time to File Answer or Otherwise Plead to extend the date for filing their Answer to January 7, 2010. [Dkt. No. 29]. The Court granted Defendants' Motion on December 23, 2009. [Dkt. No. 30]. Defendants filed their Answer, Affirmative Defenses and Counterclaims on January 7, 2010. [Dkt. No. 31].

    6.      On January 4, 2010, Defendants served their: (i) Response to Plaintiff's First Set of Request for Production of Documents and Things; (ii) Responses and Objections to Plaintiff Argonide Corporation's First Set of Interrogatories; and (iii) Response to Plaintiffs First Set of Request for Admissions, copies of which are attached hereto as Exhibits "D," "E," and "F" respectively.

    7.      In general, Defendants failed and/or refused to completely respond to Plaintiff's written discovery requests on the grounds that "Defendants have unconditionally agreed not to

sue Plaintiff for infringement of U.S. Patent No. 7,473,362 as it relates to the infringement theories outlined in the Complaint.   Accordingly, the infringement and/or validity of U.S. 7,473,362 is not an issue and the subject request therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1)."   *See* Exhibits "D, "E," and "F."

8.      Defendants' unilateral covenant not to sue Plaintiff, attached as Exhibit "A," to Defendants' Motion For Reconsideration, or in the Alternative Renewed Motion to Dismiss [Dkt. No. 25] does not absolve Defendants from complying with Fed. R. Civ. P. 26(b)(1) because the case and controversy regarding Applica's claimed infringement still exists and these discovery requests are directly related.   The Court in denying the Defendant's initial Motion to Dismiss stated:

> "Having reviewed the filings and the cases cited by the parties, the Court concludes that an 'actual controversy' exists between Argonide and the Defendants.   Considering all the circumstances as alleged in this case, it appears that Argonide and Defendants have adverse legal interests, that a definite and concrete dispute exist between them, and that        an opinion on the merits would not be merely advisory in character."  [Dkt. No. 24, pg. 5].

Defendants' purported covenant does not in any way change the "actual controversy" between the Defendants and Argonide.    A copy of the covenant is attached hereto as Exhibit "G."

9.      Plaintiff's counsel has not accepted Defendant's covenant not to sue.   Plaintiff has, however, proposed a counteroffer to Defendant, the details of which constitutes settlement negotiations and would be improper to discuss at this stage.   Based on the foregoing, there is no covenant in effect and Defendants' objections are unfounded in both fact and law.

## ARGUMENT

Fed. R. Civ. P. 26(b)(1) permits the discovery of any matter relevant to the subject matter of the litigation, if it appears reasonably calculated to lead to the discovery of admissible

evidence.  The overall purpose of discovery under the Federal Rules is to require the disclosure

of all relevant information, so that the ultimate resolution of disputed issues in any civil action

may be based on a full and accurate understanding of the true facts, and therefore embodies a fair

and just result.  *Hunter's Ridge Golf Co., Inc. v. Georgia-Pacific Corp.,* 233 F.R.D. 678, 680

(M.D. Fla. 2006).  Under Rule 37(a)(2), Fed.R.Civ.P., the Court may compel the production of

requested documents, if the documents are discoverable under Rule 34(a), Fed.R.Civ.P.

*Shearson Lehman Hutton, Inc. v. Lambros,* 135 F.R.D. 195, 198 (M.D. Fla. 1990).  Defendants

claim that the majority of Plaintiff's discovery requests are not discoverable because Defendants

have unconditionally agreed not to sue Plaintiff.   Defendants are incorrect.  As of the date of this

filing, there is no covenant in place because the parties have failed to reach an agreement as to

the scope of the covenant.  *See Hy-Ko Products Co. v. The Hillman Grp.,* 2009 U.S. Dist. LEXIS

109237, *7 (N.D. OH 2009).  More specifically, the covenant does not cover all aspects of the

dispute, e.g. Plaintiff's infringement, contributory infringement, or induced infringement of any

continuation, continuation in part, divisional, or foreign counterpart of the '362 patent as well as

Plaintiff's purchasers, sellers, distributors, licensees, or assign from infringement, contributory

infringement or induced infringement of the '362 patent or any continuation, continuation in

part, divisional, or foreign counterpart thereof,  and the counterclaims filed by Defendants;

therefore, the covenant does not divest the court of jurisdiction or allow Defendants to avoid its

discovery obligations as Defendants' suggests.  *See Harris Corp. v. Federal Express Corp.,* 2009

U.S. Dist. LEXIS 113494, *18-25 (M.D. Fla. 2009) (Because the covenant did not moot issues of

inequitable conduct or preclude the prospect of further litigation it failed to divest the court of

jurisdiction over the subject matter); *Barnhardt Manufacturing Co. v. Illinois Tools Works, Inc.,*

2009 U.S. Dist. LEXIS 77559, * (W.D. NC 2009) (Because the covenant did not extend to future

products or services that Plaintiff had not or was not currently using but may develop and place in the marketplace at the future time, the covenant was not broad enough to divest the court of jurisdiction). Based on the foregoing, Defendants should be compelled to respond to Plaintiff's discovery requests as the instant case is pending and as this Court held, there is an actual controversy between the parties.

Pursuant to Local Rule 3.04(a), Plaintiff's Requests and Defendant's Responses were as follows:

### A.     Request for Production of Documents and Things

**REQUEST NO. 5**

All engineering drawings or schematics depicting the design and construction of each commercial version of the subject matter of the '362 Patent.

**RESPONSE:**

Defendants object to this request pursuant to Fed. R. Civ. P. 34(b).  Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint.  *See* Mot. for Recons. At Exhibit A [Dkt. 25].  Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).  The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 25].  *See Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss).

**REQUEST NO. 6**

All contracts between Nohren and In-Tec and any third party relating to the subject matter of the '362 Patent.

**RESPONSE:**

[SAME RESPONSE[1]]

---

[1] Plaintiff realizes that Local Rule 3.04(a) requires Plaintiff to include the quotation in full of each request and response thereto.  However, Defendants have responded to the majority of requests with the exact same language.  Therefore, in order to conserve space for argument Plaintiff has stated [SAME RESPONSE] where Defendants have

**REQUEST NO. 7**

All documents and things relied upon in preparing Nohren's April 16, 2009 letter to Applica alleging that the '362 Patent is being infringed by Applica's Clear2O water bottle.

**RESPONSE:**

[SAME RESPONSE]

**REQUEST NO. 8**

All documents and things that Defendants contend evidence Applica's Clear2O water bottle infringes or has infringed the '362 Patent.

**RESPONSE:**

[SAME RESPONSE}

**REQUEST NO. 9**

For each commercial version of the subject matter of the '362 Patent, all documents that evidence the quantities, gross revenues, expenses, and net profits of each such version manufactured or sold, directly or indirectly, by (i) Nohren, and (ii) In-Tec, from the date of first sale of each such version to present.

**RESPONSE:**

[SAME RESPONSE]

**REQUEST NO. 10**

All documents and things that show data supportive of each limitation set forth in each claim of the '362 Patent.

**RESPONSE:**

[SAME RESPONSE]

**REQUEST NO. 11**

All documents and things that evidence the conception and actual or constructive reduction to practice of the claimed invention of the '362 Patent.

---

used the exact same response. If the response varied, even slightly, Plaintiff has included a full quotation of that varied response and bolded the variation.

**RESPONSE:**

[SAME RESPONSE]

**REQUEST NO. 12**

All documents and things that relate to U.S. Patent Application No. 12/319,275.

**RESPONSE:**

[SAME RESPONSE]

As seen above, Defendants have objected to Request No.'s 5-12 using the exact same objection every time. Defendants are arguing that because of the covenant not to sue they sent to Plaintiff and their pending Motion to Dismiss, Defendants should not be required to respond to Plaintiff's discovery requests. However, as shown above, the covenant does not cover all aspects of the dispute, e.g. Plaintiff's infringement, contributory infringement, or induced infringement of any continuation, continuation in part, divisional, or foreign counterpart of the '362 patent as well as Plaintiff's purchasers, sellers, distributors, licensees, or assignees from infringement, contributory infringement or induced infringement of the '362 patent or any continuation, continuation in part, divisional, or foreign counterpart thereof, and the counterclaims filed by Defendants. Therefore, the covenant does not divest the court of jurisdiction or allow Defendants to avoid its discovery obligations as Defendants' suggest. *See Harris Corp. v. Federal Express Corp.,* 2009 U.S. Dist. LEXIS 113494, *18-25 (M.D. Fla. 2009). In addition, Defendants' reliance on *Moore v. Potter* is improper because in *Moore*, unlike the instant case, the district court imposed a stay on discovery pending resolution of the motion to dismiss. 141 Fed. Appx. 803, 808 (11th Cir. 2005). Here, Defendants have not filed a Motion to Stay discovery pending resolution of the Motion to Dismiss and this Court has not imposed a stay on discovery. If Defendants believe a stay is necessary, then they should properly file a Motion to

Stay rather than citing an irrelevant case in their discovery responses as a basis to object and not respond.   Based on the foregoing, Defendants should be required to respond to Request for Production No.'s 5-12.

## B.   Interrogatories

## INTERROGATORY NO. 1

Identify the data that support each limitation set forth in each claim of the '362 Patent.

## ANSWER:

Defendants object to this request pursuant to Fed. R. Civ. P. 33(b)(4).  Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint.  *See* Mot. for Recons. At Exhibit A [Dkt. 25].  Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).  The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 25].  *See Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss).  **This is further objected to as not identifying any specific claims or specific claim limitations.**

## INTERROGATORY NO. 2

Identify each and every claim in the '362 Patent supporting Nohren's allegation in his April 16, 2009 letter to Applica that the '362 Patent is being infringed by Applica's Clear2O water bottle.

## ANSWER:

Defendants object to this request pursuant to Fed. R. Civ. P. 33(b)(4).  Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint.  *See* Mot. for Recons. At Exhibit A [Dkt. 25].  Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).  The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) [Dkt. 25].  *See Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss).

**INTERROGATORY NO. 3**

Describe the development from conception of the subject matter of the '362 Patent, including each version thereof, and identify each individual who may have contributed to or witnessed the development, including a description of that contribution.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 4**

Provide the dates of conception and actual or constructive reduction to practice of the invention claimed in the '362 Patent, and describe each fact or circumstance relating to such acts, including identifying all documents relating to such acts and all persons knowledgeable about such acts.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 5**

Identify each production version of the subject matter of the '362 Patent, including the date of each such version and the number produced.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 6**

With respect to each production version identified in response to Interrogatory No. 5, specify the quantities, gross revenues, expenses, and net profits of each version that are manufactured and sold, directly or indirectly, by (i) Nohren, and (ii) In-Tec, from the date of first sale of such version to present.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 7**

Identify each and every claim in the '362 Patent that Defendants aver Applica's Clear2O water bottle is infringing or has infringed, and state whether such averred infringement is literal or under the doctrine of equivalents.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 8**

Identify each search, opinion, study, analysis, or evaluation prepared by or on behalf of In-Tec and/or Nohren concerning infringement, non-infringement, validity, invalidity, enforceability, or unenforceability of the '362 Patent, including without limitation, an identification of each person who conducted or authored the search, opinion, study, analysis, or evaluation, whether it was written or oral, each recipient, the date, the substance of the search, opinion, study, analysis, or evaluation, and identify all prior art referred to, described, or listed therein.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 9**

State when each Defendant first learned of (a) Plaintiff's NanoCeram® product (also known as Disruptor®), and (b) Applica's Clear2O product, identifying each person employed by each Defendant or acting on each Defendant's behalf who first learned of each product, the information learned by each person, the circumstances surrounding how the knowledge was obtained, and the conclusions reached by each person.

**ANSWER:**

Defendants object to this request pursuant to Fed. R. Civ. P. 33(b)(4). Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint. *See* Mot. for Recons. At Exhibit A [Dkt. 25]. Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 25]. *See Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss). **Defendants further object to this request as referring to Plaintiff's product by alternative trade names and without a technical description of the referenced product.**

**INTERROGATORY NO. 10**

Identify all prior art relevant to the '362 Patent known to each Defendant and their counsel who prosecuted the '362 Patent.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 11**

Identify all patent applications owned by either Nohren or In-Tec currently pending before any Patent Office, and for each include the filing date, title, application number, inventor(s), priority claims, and a description of the subject matter thereof.

**ANSWER:**

[SAME RESPONSE]

**INTERROGATORY NO. 12**

With respect to each Defendant, state whether Defendant ever received or purchased Plaintiff's NanoCeram® filter media (also known as Disruptor®), identifying from whom the NanoCeram® filter media (Disruptor®) was received or purchased, the date of such receipt or purchase, and the circumstances surrounding such receipt or purchase.

**ANSWER:**

Defendants object to this request pursuant to Fed. R. Civ. P. 33(b)(4). Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint. *See* Mot. for Recons. At Exhibit A [Dkt. 25]. Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1). The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 25]. *See Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss). **Defendants further object to this request as referring to Plaintiff's product by alternative trade names and without a technical description of the referenced product.**

**INTERROGATORY NO. 13**

State whether (i) U.S. Patent No. 7,311,752, (ii) U.S. Patent No. 7,390,343, or (iii) U.S. Publication No. 2008/0026041 were discussed with the Examiner during the August 22, 2008 telephonic interview for U.S. Patent Appn. Serial No. 12/070,789 (now, the '362 Patent), and if so, describe the nature of such discussions, including arguments presented to distinguish the

claims thereof over (i) U.S. Patent No. 7,311,752, (ii) U.S. Patent No. 7,390,343, or (iii) U.S. Publication No. 2008/0026041.

**ANSWER:**

    [SAME RESPONSE]

**INTERROGATORY NO. 14**

    Identify all differences between the filter claimed in the '362 Patent and the filter claimed in U.S. Patent No. 7,390,343.

**ANSWER:**

    [SAME RESPONSE]

**INTERROGATORY NO. 15**

    Identify each person who participated in answering these Interrogatories served upon Defendants and, for each such person, identify the Interrogatory response(s) with which the person assisted.

**ANSWER:**

    Defendants object to this request pursuant to Fed. R. Civ. P. 33(b)(4).  Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint.  *See* Mot. for Recons. At Exhibit A [Dkt. 25].  Accordingly, the infringement and/or invalidity of U.S. 7,473,362 is not at issue and the subject requests therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ. P. 26(b)(1).  The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [Dkt. 25].  *See Moore v. Potter,* 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss).  **This request is further objected to as calling for the production of information protected by the Attorney-Client privilege.**

    For interrogatory No.s 2-8, 10, 11, 13 and 14, Defendants used an almost identical response as it used in response to Plaintiff's First Request to Produce.  The only change was Fed. R. Civ. P. 33(b)(4) replaced Fed. R. Civ. P. 34(a) in the first sentence of the response.  Plaintiff's interrogatories deserve a response because the covenant does not cover all aspects of the dispute, e.g., Plaintiff's infringement, contributory infringement, or induced infringement of any continuation, continuation in part, divisional, or foreign counterpart of the '362 patent as well as

Plaintiff's purchasers, sellers, distributors, licensees, or assignees infringement, contributory infringement or induced infringement of the '362 patent or any continuation, continuation in part, divisional, or foreign counterpart thereof, and the counterclaims filed by Defendants. Therefore, the covenant does divest the court of jurisdiction or allow Defendants to avoid its discovery obligations as Defendants' suggest. *See Harris Corp. v. Federal Express Corp.,* 2009 U.S. Dist. LEXIS 113494, *18-25 (M.D. Fla. 2009.  In addition, as discussed *supra,* Defendants' reliance on *Moore v. Potter* is improper because in *Moore*, unlike the instant case, the district court imposed a stay on discovery pending resolution of the motion to dismiss.  141 Fed. Appx. 803, 808 (11th Cir. 2005).  Here, Defendants have not filed a Motion to Stay discovery pending resolution of the Motion to Dismiss and this Court has not imposed a stay on discovery.  If Defendants believe a stay is necessary, then they should properly file a Motion to Stay rather than citing an irrelevant case in their discovery responses as a basis to object and not respond. Moreover, any additional objection regarding relevancy, overbreadth, privilege or the like has been waived by Defendants failure to timely make the objections.  *Third Party Verification, Inc. v. Signaturelink, Inc.,* 2007 U.S. Dist. LEXIS 32238, *3 (M.D. Fla. 2007) (citing *Ramirez v. County of Los Angeles,* 231 F.R.D. 407, 409 (C.D. Cal. 2005).   Based on the foregoing, Defendants should be required to respond to Interrogatory No.'s 2-8, 10, 11, 13 and 14.

As for Interrogatory No.s 9 and 12, which add the following verbiage to the end of the response, "**Defendants further object to this request as referring to Plaintiff's product by alternative trade names and without a technical description of the referenced product," ."** It is suggested to the Court that said objection is disingenuous at best, since Defendants referred to the product by its trade name in its threat to sue Applica for patent  infringement in its letter of April 16, 2009 addressed to Applica. (Dkt. No 1, Ex. C).

As for Interrogatory No. 15, the following verbiage was added to the end of the response, "**This request is further objected to as calling for the production of information protected by the Attorney-Client privilege.**"  Request No. 15 asks for "each person who participated in answering these Interrogatories served upon Defendants and, for each such person, identify the Interrogatory response(s) with which the person assisted," which is a standard interrogatory not subject to the attorney-client privilege. The burden of demonstrating the existence of the attorney-client privilege rests on the party asserting the privilege.  *Bogle v. McClure,* 332 F.3d 1347, 1358 (11th Cir. 2003).  To invoke the privilege, the party claiming the privilege must establish the following:

> (1) the asserted holder of the privilege is or sought to become a client; (2) the person to whom the communication was made (a) is [the] member of a bar of a court, or his subordinate and (b) in connection with this communication is acting as a lawyer; (3) the communication relates to a fact of which the attorney was informed (a) by his client (b) without the presence of strangers (c) for the purpose of securing primarily either (i) an opinion on law or (ii) legal services or (iii) assistance in some legal proceeding, and not (d) for the purpose of committing a crime or tort; and (4) the privilege has been (a) claimed and (b) not waived by the client.

*United States v. Noriega,* 917 F.2d 1543, 1551 (11th Cir. 1990).   In this Circuit, a communication between an attorney and a client is protected only if it is "intended to remain confidential" and "under the circumstances was reasonably expected and understood to be confidential." *Id.* (quoting *United States v. Bell,* 776 F.2d 965, 971 (11th Cir. 1985).  The privilege, however, protects only the disclosure of confidential communications; it does not protect the disclosure of the underlying facts. *Upjohn Co. v. United States,* 449 U.S. 383, 395 (1981).   Defendants have failed to allege how disclosing the persons who answered the interrogatories and assisted with answering is protected by the attorney-client privilege.   If Defendant's counsel helped in preparing the responses, this is not protected by the attorney-client privilege.  Plaintiffs are not asking for disclosure of the communications between Defendant's

14

counsel and the client as to the interrogatory responses, but instead, simply who prepared the responses.

Based on the foregoing, Defendants should be required to provide Plaintiff with the requested responses.  In the absence of such responses, Plaintiff's will be substantially prejudiced and its ability to effectively litigate and resolve this matter will be substantially hindered.

### C.       Request for Admissions

**REQUEST NO. 1**

U.S. Patent 7,473,362 describes a water treatment system.

**RESPONSE:**

Defendants object to this request pursuant to Fed.R.Civ.P. 36(a)(5).  Defendants have unconditionally agreed not to sue Plaintiff for infringement of U.S. Patent 7,473,362 as it relates to the infringement theories outlined in the Complaint.  *See* Mot. For Recons. at Ex. A [Dkt. 25]. Accordingly, the infringement and/or validity of U.S. 7,473,362 is not at issue and the subject request therefore calls for the production of information outside the scope of discovery as defined by Fed. R. Civ, P. 26(b)(1).  The subject request is further objected to in view of Defendants' Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) [dkt. 25].  *See Moore v. Potter*, 141 Fed. Appx. 803, 807-08 (11th Cir. 2005) (affirming district court's order staying discovery pending ruling on motion to dismiss).  Subject to the foregoing objections, Defendants admit that U.S. Pat. 7,473,362 is entitled "Water treatment system," otherwise denied.

**REQUEST NO. 2**

The statement in Column 1 of U.S. Patent 7,473,362 that "[t]he uniqueness of this filter is that it consists primarily of Nano glass fibers onto which charged alumina fibers are permanently bonded" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 3**

The statement in Column 4 of U.S. Patent 7,473,362 that "[i]t is therefore an object of the present invention to provide a new and improved water treatment system which has all of the

advantages of the prior art water treatment systems of known designs and configurations and none of the disadvantages" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 4**

The statement in Column 4 of U.S. Patent 7,473,362 that "it is an object of the present invention to provide a new and improved water treatment system including a media and a housing and a stream of water…" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 5**

The statement in Column 9 of U.S. Patent 7,473,362 that "the invention is a water treatment system including a media and a housing and a stream of water" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 6**

The statement in Column 9 of U.S. Patent 7,473,362 that "[t]he media is in the form of a multilayered semi porous composite membrane sheet providing a strong positive, about 50mv, electrical charge, or zeta potential, with a highly porous surface consisting of 60 to 90 percent void volume and pore size of 1-2 micron capable of retaining negatively charged protozoa, bacteria, and virus as well as di-pole particulate matter as a result of the attraction of the positive charge" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 7**

 The statement in Column 9 of U.S. Patent 7,473,362 that "[t]he composite membrane sheet is adapted to treat the low pressure stream of water under from 0.3 to over 20 psig pressure…" is true.

**RESPONSE:**

 [SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 8**

 The statement in Column 9 of U.S. Patent 7,473,362 that "the membrane having a nominal pore size of between one and two microns and from 0.5 to 2 mm in thickness..." is true.

**RESPONSE:**

 [SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 9**

 The statement in Column 9 of U.S. Patent 7,473,362 that "400 binding sites are exposed within each vertical pore and have a minimum pressure drop of 0.3 to 10 psig" is true.

**RESPONSE:**

 [SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 10.**

 The statement in Column 10 of U.S. Patent 7,473,362 that "the media is in a cylindrical configuration with the stream of water being from interior of the media to exterior of the media" is true.

**RESPONSE:**

 [SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 11**

The statement in Column 10 of U.S. Patent 7,473,362 that "the media is in a cylindrical configuration with the stream of water being from exterior of the media to interior of the media" is true.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that the subject statement is found within U.S. Patent 7,473,362, otherwise denied."

**REQUEST NO. 12**

The claims of U.S. Patent 7,473,362 require a stream of water.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that independent claims 1 and 17 recite a stream of water, otherwise denied."

**REQUEST NO. 13**

The claims of U.S. Patent 7,473,362 require a highly porous surface consisting of 60 to 90 percent void volume.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that independent claims 1 and 17 recite a highly porous surface consisting of 60 to 90 percent void volume, otherwise denied.

**REQUEST NO. 14**

The claims of U.S. Patent 7,473,362 require a pore size of about 2 micron.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that independent claims 1 and 17 recite a pore size of about 2 micron (or ~2 micron), otherwise denied.

**REQUEST NO. 15**

The claims of U.S. Patent 7,473,362 require media containing two sheets of polymer scrim with Nano glass fibers and bonded Nano alumina fibers encased between the sheets.

**RESPONSE:**

[SAME RESPONSE] except for last sentence which reads: "Subject to the foregoing objections, Defendants admit that independent claims 1 and 17 recite media containing two sheets of polymer scrim with Nano glass fibers and bonded Nano alumina fibers encased between the sheets, otherwise denied.

**REQUEST NO. 16**

Nohren was aware of Argonide's NanoCeram® (also known as Disruptor®) filter media prior to February 21, 2008.

**RESPONSE:**

[SAME RESPONSE] except for last two sentences which read: "The request is further objected to as referring to Argonide's product by two different trade names. The subject request is neither admitted or denied in the absence of a technical description of the referenced product as it existed on or about February 21, 2008.

**REQUEST NO. 17**

The existence of Argonide's NanoCeram® (also known as Disruptor®) filter media was disclosed to the U.S. Patent and Trademark Office during the prosecution of U.S. Patent 7,473,362.

**RESPONSE:**

[SAME RESPONSE as Response to Request No. 16 above]

The Defendant's objections are not valid for the same reasons set forth above relative to

the Request to Produce and Interrogatories. After making its objections, Defendants, then avoid

the Request by stating that the language contained in the request is found in the patent and then

adds that it is "otherwise denied," whatever that means. The request does not ask if the language

is contained in the patent. The Request seeks an admission that the statement is true. The Defendants avoid that issue totally. The answers as phrased are totally worthless.

As to Request numbers 16 and 17, in addition to its covenant not to sue objection, the Defendants state: "**The subject request is neither admitted or denied in the absence of a technical description of the referenced product as it existed on or about February 21, 2008.**" Again**,** it is suggested to the Court that said objection is disingenuous at best, since Defendants referred to the product by its trade name in its threat to sue Applica for patent infringement in its letter of April 16, 2009 addressed to Applica. (Dkt. No 1, Ex. C).

Accordingly, Plaintiff requests the Court, pursuant to Fed. R. Civ. P 36(a)(6) to determine that the Defendant's Answers to Request for Admissions are not sufficient and to Order compliance with the rule.

### Defendants Should Be Subject to Sanctions Pursuant to Rule 37

Plaintiff is entitled to full and complete responses to its discovery requests in order to resolve this matter. Defendants' Motion for Reconsideration Under Fed. R. Civ. P. 60(b), or in the Alternative, Renewed Motion to Dismiss Under Fed. R. Civ. P. 12(b)(1) and Memorandum of Law in Support, filed on December 17, does not excuse Defendants failure to comply with discovery request. Especially since no motion for stay of the discovery has been filed.

Defendants' failure to completely respond to Plaintiff's written discovery requests should not be condoned by this Court and Defendants should be compelled to produce written discovery in complete response thereto. Furthermore, Defendants should be sanctioned pursuant to Rule 37(c) for their withholding of responses in derogation of Rule 26.

Rule 37 makes it abundantly clear that a party properly served has an absolute duty to respond in some fashion, and that the court in which the action is pending may enforce this obligation by imposing potentially severe sanctions authorized in Rule 37(b)(2) (A), (B), and

(C), as well as attorney's fees.  *See* Fed. R. Civ. P. 37(d).  Accordingly, Plaintiff respectfully requests that the Court assess reasonable expenses, including attorneys fees incurred in the preparation and presentation of this Motion to compel Defendants' compliance with its discovery obligations.  If a discovery motion is granted, Rule 37(a)(5) requires the payment of the moving party's reasonable fees and expenses incurred in bringing the motion, unless the nonmoving party's conduct was justified or excused.  Fed. R. Civ. P. 37(a)(5).  No such circumstances exist here.  Accordingly, Plaintiff requests that this Court impose monetary sanctions on Defendants in an amount to be subsequently determined once all of Plaintiff's expenses and costs can be calculated.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant its Motion to Compel Production of Documents, and order Defendants to, within five (5) days, serve full and complete responses to Plaintiff's:  (i) First Set of Requests for Production of Documents and Things to Defendants; (ii) First Set of Interrogatories to Defendants; and (iii) First Request for Admissions to Defendants.  Plaintiff also respectfully requests that this Honorable Court enter appropriate sanctions against Defendants, pursuant to Fed. R. Civ. P. 37, including, but not limited to, reasonable costs and expenses incurred in bringing this Motion to compel Defendants' compliance with its discovery obligations, as well as the award of attorneys' fees and other sanctions permitted under Rule 37(d), 37(b)(2) (A), (B) and (C), and 37(a)(4) and such other relief as the Court deems just and proper.

## CERTIFICATE OF COMPLIANCE WITH RULE 3.01(g)

The undersigned attorney, pursuant to Local Rule 3.01(g) certifies that he has conferred with opposing counsel, Michael Colitz, and that we were unable to agree upon a resolution of the motion.

DATED this 15th day of January, 2010.

Respectfully submitted,

BEUSSE WOLTER SANKS
　　　MORA & MAIRE, P.A.
390 N. Orange Avenue, Suite 2500
Orlando, Florida  32801
Telephone:  (407) 926-7700
Facsimile:  (407) 926-7720
E-mail:  jbrownlee@iplawfl.com
E-mail:  adavis@iplawfl.com

By: /s/ Jackson O. Brownlee
　　　Jackson O. Brownlee, Esq.
Florida Bar No. 009581
Amber N. Davis, Esq.
Florida Bar No. 026628

and

Thomas C. Wettach, Esq.
PA Bar No. 01414
Alicia M. Passerin, Esq.
PA Bar No. 93558
COHEN & GRIGSBY, P.C.
625 Liberty Avenue, 7th Floor
Pittsburgh, PA  15222
Telephone:  (412) 297-4900
Facsimile:  (412) 209-0672
E-mail:  twettach@cohenlaw.com
E-mail:  apasserin@cohenlaw.com
Counsel for Argonide Corporation

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 15th day of January, 2010, I filed the foregoing with the Clerk of Court by utilizing the Court's CM/ECF system which will send a Notice of

Electronic Filing to: Michael J. Colitz, III, Esquire, Woodrow H. Pollack, Esquire, GrayRobinson, P.A., 201 North Franklin Street, Suite 2200, Tampa, Florida 33602.

/s/ Jackson O. Brownlee
Attorney